UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAURUS BLOSSOM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 13 C 9202 |
| v. | ) |
| | ) Chief Judge Rubén Castillo |
| THOMAS DART and COOK COUNTY, | ) |
| ILLINOIS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Taurus Blossom brings this action against Defendants Cook County, Illinois and Thomas Dart, the Sheriff of Cook County, alleging a deprivation of rights secured by the Fourteenth Amendment of the Constitution in violation of 42 U.S.C. § 1983 and unlawful discrimination in violation of section 202 of the Americans with Disabilities Act of 1990 (the "ADA") and section 504 of the Rehabilitation Act of 1973. (R. 1, Compl. ¶ 1.) Presently before the Court is Dart's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 14, Def.'s Am. Mot.) For the reasons stated below, Dart's motion to dismiss is denied.

## BACKGROUND

Blossom was a detainee at the Cook County Jail (the "Jail") from August 30, 2013 until November 12, 2013. (R. 1, Compl. ¶ 5.) Blossom is missing his right leg and is able to walk by using a prosthetic limb and a cane or crutches. (Id. ¶ 2.) Blossom entered the Jail with his prosthetic leg. (Id. ¶ 6.) As part of the intake process at the Jail, medical personnel employed by Cook County determined that Blossom was disabled and required his prosthetic leg and crutches in order to walk. (Id. ¶ 7.) Nonetheless, in accordance with Dart's official policy that gives correctional officers discretion in assigning housing, an officer assigned Blossom to a top bunk in a housing unit that was not handicapped-accessible. (Id. ¶¶ 9-10.)

Because of his housing assignment, Blossom was unable to safely get into and out of bed or shower and was required to walk up and down the stairs to participate in Jail programs and services. (*Id.*)

On September 7, 2013, Blossom fell from his top bunk and sustained serious personal injuries. (*Id.* ¶ 11.) Blossom was treated for his injuries, and Jail personnel then assigned him to Division 10 at the Jail. (*Id.* ¶ 12.) In September 2013, Blossom fell in the shower in his housing unit in Division 10 because it was not equipped with grab bars or a shower seat; he sustained serious injuries from the fall. (*Id.* ¶¶ 15-16.)

Blossom alleges that in response to the litigation in *Phipps v. Sheriff of Cook County*, No. 07 C 3889 (N.D. Ill. filed July 11, 2007), Dart adopted a revised policy for assigning housing to wheelchair-bound detainees in order to accommodate their disabilities while they were detained. (*Id.* ¶ 8.) Dart did not, however, adopt an accommodative assignment policy for disabled detainees that were not wheelchair-bound. (*Id.*) Blossom also alleges that Dart knew that disabled inmates assigned to Division 10 had sustained injuries because the shower and toilet facilities in Division 10 were not equipped with appropriate grab bars, toilets, and shower seats, but that disabled prisoners nevertheless continued to be assigned to Division 10. (*Id.* ¶ 13.)

Blossom filed the instant complaint on December 26, 2013, alleging that Dart's deliberate indifference caused him serious personal injuries and constituted a deprivation of his constitutional rights and discrimination in violation of the ADA and the Rehabilitation Act. (*Id.* ¶¶ 14-17.) On March 5, 2014, Dart filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), (R. 11, Def.'s Mot.), which he amended on March 17, 2014, (R. 14, Def.'s Am. Mot.). That motion is presently before the Court.

## LEGAL STANDARD

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in the non-movant's favor. *Reger Dev., LLC v. Nat'l City Bank*, 592 F. 3d 759, 763 (7th Cir. 2010). Pursuant to Rule 8(a)(2), a complaint must contain "a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Detailed factual allegations" are not required, but the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show that he was "deprived of a right secured by the Constitution or federal law, by a person acting under color of law." *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006). The "deliberate indifference to serious medical needs of prisoners constitutes" a constitutional violation, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), and Dart does not contest that Blossom has alleged a deprivation of his constitutional rights. Instead, Dart argues that Blossom does not sufficiently state a claim against him. A plaintiff may bring a section 1983 claim against a

government official in his official capacity or in his individual capacity. *See Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991). Blossom brings his section 1983 claim against Dart in both his individual capacity and his official capacity as the Sheriff of Cook County, and Blossom brings his claims under the ADA and the Rehabilitation Act against Dart in his official capacity. (R. 1, Compl. ¶ 3.)

I.  **Whether Blossom Sufficiently States a Claim Against Dart in his Individual Capacity**

Dart argues that Blossom's claims against him in his individual capacity should be dismissed because Blossom fails to sufficiently allege that Dart had personal knowledge of or involvement in the alleged deprivation of his rights. (R. 14, Def.'s Am. Mot. at 3.) To state a claim for individual liability under section 1983, a plaintiff must allege that the defendant was "personally responsible for the deprivation of a constitutional right" because "he directed the conduct causing the constitutional violation, or it occurred with his knowledge or consent." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651-52 (7th Cir. 2001)). Although an official cannot be personally liable for a section 1983 claim "under a theory of *respondeat superior*," he can be held personally responsible if he knew about the conduct that caused the constitutional violation and "facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Jones v. City of Chi.*, 856 F.2d 985, 992 (7th Cir. 1988)). In other words, an official can be held individually liable if he "personally devised a deliberately indifferent policy." *Armstrong v. Squadrito*, 152 F.3d 564, 581 (7th Cir. 1998).

Dart argues that Blossom fails to allege the requisite "affirmative link" between Dart's acts or omissions and Blossom's alleged injuries. (R. 14, Def.'s Am. Mot. at 4-5) (citing *Palmer v. Marion Cnty.*, 327 F.3d 588, 593-94 (7th Cir. 2003)). Dart additionally argues that Blossom makes "bald assertion[s]" without alleging sufficient facts. (*Id.* at 3.)

4

Blossom has alleged that through the *Phipps* litigation, Dart learned that the correctional officers in charge of determining housing assignments for disabled detainees did not consider whether a particular housing assignment accommodated the detainee's disability. (R. 1, Compl. ¶ 8.) Blossom alleges that Dart acquired personal knowledge of the fact that disabled prisoners assigned to Division 10 had sustained personal injuries because shower and toilet facilities in Division 10 were not equipped with appropriate grab bars, toilets, and shower seats. (*Id.* ¶ 13.) And yet, Blossom alleges that despite revising the housing assignment policy for wheelchair-bound detainees and knowing that non-wheelchair-bound disabled detainees were being housed in non-accessible units, Dart refused to revise the housing assignment policy for disabled detainees like Blossom who were not in a wheelchair. (*Id.* ¶¶ 8, 10, 14.) Blossom's allegations that Dart knew the policy for assigning housing to disabled detainees was faulty but failed to correct it are sufficient to state a section 1983 claim against Dart in his individual capacity. *See Gentry*, 65 F.3d at 561 (allegations that official knew of the deprivation of rights and yet the deprivation of rights continued allowed the court to infer that the deprivation constituted the official's policy and supported an individual capacity claim). The Court thus declines to dismiss Blossom's individual capacity section 1983 claim against Dart.

II.  **Whether Blossom Sufficiently States a Claim Against Dart in His Official Capacity**

"[A]n official capacity suit is another way of pleading an action against an entity of which the officer is an agent." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)). Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), a plaintiff seeking to hold a municipality liable for a section 1983 violation must show: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice, that, although unauthorized, is so permanent and well-settled that it constitutes a 'custom or usage' with the

5

force of law; or (3) an allegation that a person with final policymaking authority caused the injury." *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004). Dart contends that Blossom's claim against Dart in his official capacity should be dismissed because Blossom has failed to allege the existence of an official policy or custom and has failed to demonstrate a close causal connection between an official policy and his alleged injuries. (R. 14, Def.'s Am. Mot. at 7-8, 10.) Dart additionally argues that a single incident of alleged wrongdoing is insufficient to establish a policy, custom, or practice as required to state an official capacity claim under *Monell*. (*Id.* at 8.)

Blossom's complaint does not rest on a single incident of wrongdoing, but on an official policy allowing disabled detainees to be housed in non-accessible housing units that continued to exist despite knowledge that the policy had caused serious injuries to disabled detainees. Although Dart adopted a revised policy for assignments of wheelchair-bound detainees, Dart did not revise his policy for assignments of amputee detainees who are able to walk by using a prosthetic limb and a cane or crutches. If a municipality is "faced with actual or constructive knowledge that its agents will probably violate constitutional rights, it may not adopt a policy of inaction." *King v. Kramer*, 680 F.3d 1013, 1021 (7th Cir. 2012) (quoting *Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004)) (finding that the publication of several newspaper articles about an agent's policy and the sheriff's knowledge "of the discussions involving the jail's problems" related to the policy was enough evidence to survive the county's motion for summary judgment on the *Monell* claim). Blossom has sufficiently alleged that Cook County had knowledge that its housing assignment policy violated constitutional rights through the litigation and subsequent policy change regarding wheelchair-bound detainees and through Dart's personal knowledge that disabled prisoners assigned to Division 10 sustained injuries because the shower and toilet facilities lacked the appropriate accommodations. Blossom has also sufficiently alleged that Cook County

adopted "a policy of inaction" with regards to the safety of disabled detainees. Accordingly, the Court finds that Blossom has stated a claim against Dart in his official capacity.

## CONCLUSION

For the reasons above, Dart's motion to dismiss (R. 14) is DENIED. The parties are directed to exhaust all remaining possibilities to settle this case in light of this opinion. The parties shall appear for a status hearing on September 23, 2014 at 9:45 a.m.

ENTERED: _____
Chief Judge Rubén Castillo
United States District Court

Dated: August 14, 2014